UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEGION SYSTEMS, LLC,

    Plaintiff,

v.                                        Case No. 8:20-cv-2321-KKM-MRM

VALIANT GLOBAL DEFENSE SERVICES, INC.,

    Defendant.
_____

## ORDER

In this breach-of-contract action, a bench trial is set to begin on July 24, 2023. Plaintiff Legion Systems, LLC, emailed a subpoena, dated July 9, 2023, to the Defendant's counsel requiring "Corporate Representative(s) of Valiant Global Defense Services [] with the most knowledge concerning the matters identified in" an attached exhibit to testify at the upcoming trial. Subpoena (Doc. 153-1) at 4. The exhibit, in turn, listed three topics for examination:

    1. The total contract value of all Task Orders awarded under the Prime Contract from the beginning of the Contract up through the first day of trial, including but not limited to, Valiant's revenues billed and collected thereunder.

    2. Valiant's forecasted revenues under the Prime Contract through the end of all option years.

    3. The disclosures of Legion's pricing by Valiant to SOI pursuant to the document Bates labeled VALIANT0025101.

*Id.* at 7. Valiant moves to quash Legion's subpoena. Mot. to Quash (Doc. 153). For the forgoing reasons, Valiant's motion is granted.

I. ANALYSIS

Valiant's motion to quash is meritorious for two reasons. First, Legion's subpoena fails to "name[]" a specific "person" that it requires to testify at trial. *See* FED. R. CIV. P. 45(a)(1)(A)(iii), (b)(1). Second, Legion's subpoena fails to "command" a person to attend trial who "resides, is employed, or regularly transacts business" in the State of Florida or within 100 miles of this Court. *Id.* 45(c)(1).

### A. Legion's Subpoena is Not Directed, nor was it Delivered, to a "Named Person" in Violation of Rule 45

Valiant correctly argues that a Rule-45 subpoena must "name[]" a specific "person" to be valid. Mot. to Quash at 3–5. Federal Rule of Civil Procedure 45(a)(1)(A)(iii) requires "[e]very subpoena" to "command each *person* to whom it is directed to . . . attend and testify" "at a specified time and place." (emphasis added). Additionally, Rule 45(b)(1) states, "Serving a subpoena requires delivering a copy to the *named person* and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." *Id.* 45(b)(1) (emphasis added). Legion's trial subpoena does not "name" a "person" who is required to testify. *See* Subpoena at 4. It is fatally deficient in that regard alone.

2

Legion's failure to "name[]" a "person" created a service problem too. Instead of "delivering a copy" of the subpoena "to the named person," Legion emailed the subpoena to Valiant's attorneys, which is insufficient. *See Harrison v. Prather*, 404 F.2d 267, 273 (5th Cir. 1968)[1] (holding that the defendant failed to serve a Rule-45 subpoena on the plaintiff because the defendant delivered the subpoena to the plaintiff's counsel, "as opposed to the plaintiff himself"); *Dopson-Troutt v. Novartis Pharms. Corp.*, 295 F.R.D. 536, 537 (M.D. Fla. 2013) (holding that "service was improper [under Rule 45(b)(1)] because service was made on [a] registered agent in Tallahassee, not the individuals named in the subpoena").

To be sure, Rule 30(b)(6), FED. R. CIV. P.—governing depositions by oral examination—allows parties to use subpoenas during discovery that do not name a specific person, but instead "name as the deponent a public or private corporation" and "describe with reasonable particularity the matters for examination." Then, "[t]he named organization must designate one or more officers . . . to testify on its behalf; and it may set out the matters on which each person designated will testify." *Id.* These procedures in Rule 30(b)(6) are applicable to depositions and do not apply to trial-witness subpoenas. Concluding otherwise would allow Rule 30 to expand the meaning of Rule 45 without any

---

[1] The Eleventh Circuit adopted as binding precedent all decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to the close of business on September 30, 1981. *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

3

textual support for doing so. *Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 553 (6th Cir. 2015).

Legion defends its subpoena with two district-court decisions concluding that a party could use a trial subpoena to procure the testimony of an unknown corporate representative. Legion Resp. (Doc. 155) at 1–2 (citing *Conyers v. Balboa Ins. Co.*, No. 8:12-CV-30-T-33EAJ, 2013 WL 2450108 (M.D. Fla. June 5, 2013); *Sec. & Exch. Comm'n v. Radius Cap. Corp.*, No. 2:11-CV-116-FTM-29DNF, 2013 WL 12155430 (M.D. Fla. July 24, 2013). But neither *Conyers* nor *Radius* addressed the text of Rule 45, and neither case explained its reasoning. *Conyers* cited only another non-binding order that "declined to quash a Rule 45 subpoena served on an unnamed corporate representative." 2013 WL 2450108, at *1 (citing *Williams v. Asplundh Tree Expert Co.*, No. 3:05-CV-479-J-33MCR, 2006 WL 2598758 (M.D. Fla. Sept. 11, 2006)). Worse, that underlying order never directly addressed whether a trial subpoena could require an unnamed corporate representative to testify at trial. *Williams*, 2006 WL 2598758, at *2–3. *Radius*, the other district-court order cited by Legion, cited only *Conyers* for the proposition that it "may be appropriate" to serve a "subpoena" on "a party directing the party's representative" to testify "on a particular topic" "at trial." 2013 WL 12155430, at *2. Neither case is binding or persuasive.

4

For the reasons explained above, Rule 45 contradicts those cases. I am not alone in that conclusion either. The Sixth Circuit (the only circuit to address *Conyers*) rejected its reasoning, characterizing *Conyers* as improperly "using Rule 30 to expand Rule 45." *Hill*, 799 F.3d at 553. The Court stated that *Conyers* "modified" Rule 45 "by judicial fiat" and was the "only" case cited by the appellant "that support[ed] his position." *Id.* The Court noted that if the appellant sought to subpoena an unnamed corporate officer, he should have done so under Rule 30(b)(6), FED. R. CIV. P., during discovery. *Id.* So too here. During discovery, Legion could have required Valiant to produce a corporate representative matching the description in its trial subpoena or sought an additional discovery period to do so. I cannot now "temper" the text of Rule 45 to permit that discovery at trial. *Hill*, 799 F.3d at 553.

### B. Legion's Subpoena Fails to "Command a Person" to Attend Trial Who "Resides" or "Regularly Transacts Business in Person" in the State of Florida or Within 100 Miles of this Court

Valiant's motion to quash is meritorious for another reason: Legion's subpoena fails to require a person to attend trial who resides or works within the scope of the geographical limits prescribed by Rule 45(c)(1), FED. R. CIV. P., which provides:

> A subpoena may command a person to attend a trial, hearing, or deposition *only* as follows:

5

    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

     (i) is a party or a party's officer; or

     (ii) is commanded to attend a trial and would not incur substantial expense.

(emphasis added). Valiant notes that none of the corporate representatives that Legion deposed reside or regularly transact business in the State of Florida or within 100 miles of this Court. Mot. to Quash at 2, 6.

  Legion responds that the 100-mile rule is inapplicable because Valiant is a party and thus any of its officers can be compelled to testify. Legion Resp. at 2. But Legion provides no legal support for this proposition. *See id.* Legion presumably relies on *Conyers*, which concluded that the 100-mile rule does not apply to a party or its officers. 2013 WL 2450108, at *1–2. On this point, *Conyers* was correct when it was decided. Yet, since *Conyers*, Rule 45(c) has been amended in meaningful ways. The former version of Rule 45(c)(3)(A)(ii) provided, "[T]he issuing court must quash or modify a subpoena that . . . requires a person who is *neither a party nor a party's officer* to travel more than 100 miles from where that person resides, is employed, or regularly transacts business." FED. R. CIV. P. 45(c)(3)(A)(ii) (effective December 1, 2007) (repealed December 1, 2013) (emphasis added). Now, Rule 45(d)(3)(A)(ii) provides, "[T]he court for the district where

6

compliance is required must quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)." FED. R. CIV. P. 45(d)(3)(A)(ii). In turn, Rule 45(c)(1)(A) states, "A subpoena *may* command a person to attend a trial, hearing, or deposition *only* as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person . . ." *Id.* 45(c)(1)(A) (emphasis added). Importantly, Rule 45(c)(1)(A) omits the former language excepting a party's officers from the 100-mile rule.

Confirming the textual differences between the two versions of Rule 45, the advisory committee's note explains that this amendment "resolve[s] a split in interpreting Rule 45's provisions for subpoenaing parties and party officers." FED. R. CIV. P. 45 Advisory Comm. Note to the 2013 Amend. Said otherwise, "Rule 45(c)(1)(A) does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state." *Id.* Legion's argument is based on an outdated version of Rule 45.

II.  **CONCLUSION**

Accordingly, Valiant's motion to quash, (Doc. 153), is **GRANTED.**

**ORDERED** in Tampa, Florida, on July 21, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge